# IN THE COURT OF APPEALS OF IOWA

No. 25-0425
Filed June 18, 2025

IN THE INTEREST OF L.K., A.H., and T.H.,
Minor Children,

T.H., Mother,
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, Judge.


A mother appeals the termination of her parental rights.  **AFFIRMED.**


Jesse A. Macro Jr. of Macro Law, LLP, Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Michelle R. Becker, Assistant Attorney General, for appellee State.

Shannon L. Wallace of Youth Law Center, attorney and guardian ad litem for minor children.


Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SCHUMACHER, Presiding Judge.**

After more than three years of family-reunification services,[1] the district court entered an order terminating the mother's parental rights to her three children, born in 2015, 2018, and 2023.[2] The mother appeals, claiming the State failed to prove the grounds for termination cited by the court and termination is not in the children's best interests because of the bond she shares with them. She also claims her due process rights were violated "when the court permitted hearsay evidence to be admitted at the termination trial." Upon our de novo review, *see In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019), we affirm the termination of the mother's parental rights.

## I.     Hearsay Evidence

We turn first to the mother's evidentiary challenge. She claims the court abused its discretion by considering "inadmissible" hearsay evidence and she "did not receive a fair trial." The mother does not specify what evidence she argues is hearsay. Her failure to "point us to the facts she believes support reversal waives error." *In re of C.B.*, No. 20-0048, 2020 WL 1049888, at *1 (Iowa Ct. App. Mar. 4, 2020) (citing *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review.")).

---

[1] This family most recently came to the attention of the Iowa Department of Health and Human Services (the department) in 2021. Services were also provided to the family in 2018, to address concerns similar to those present this case.

[2] The parental rights of the father of L.K. and A.H. were previously terminated. The parental rights of the father of T.H. were not terminated; in November 2024, he was provided a six-month extension to work toward reunification.

We elect to proceed to the mother's claim, however, by analyzing the exhibits and testimony she objected to on hearsay grounds at the termination hearing—specifically a statement from her therapist; a Family Centered Services (FCS) visit note; and emails from A.H.'s teacher, the children's therapist, and the children's doctor.[3]

In deciding to allow the challenged evidence, the district court observed that our supreme court has determined hearsay evidence is admissible in termination-of-parental-rights hearings. *See, e.g.*, *In re E.J.R.*, 400 N.W.2d 531, 532–33 (Iowa 1987). The mother's attorney acknowledged such and cited this court's holding in *In re J.M.*, No. 02-1768, 2002 WL 31883595, at *2 (Iowa Ct. App. Dec. 30, 2002), as "consistent with" the ruling in *E.J.R.* Ultimately, the court admitted the evidence subject to the mother's objection. Finding no error in the court's admission of the challenged evidence,[4] we affirm on this issue.

## II. Grounds for Termination

Next, the mother claims the State did not prove termination by clear and convincing evidence. "Termination of parental rights under chapter 232 follows a three-step analysis." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). First, the court must determine whether a statutory ground for termination exists. *Id.* Here, the court terminated the mother's parental rights under Iowa Code

---

[3] The mother also objected to two other email exhibits offered by the guardian ad litem (GAL), but the GAL withdrew those exhibits.

[4] Specifically regarding the testimony from the mother's therapist relating to the opinion of the children's therapist as to whether the children are suffering from trauma, even assuming that testimony was inadmissible hearsay, it was cumulative of other evidence presented and therefore not prejudicial. *See In re S.D.*, No. 22-0683, 2022 WL 2347512, at *4 (Iowa Ct. App. June 29, 2022).

section 232.116(1)(f) (2024) as to the older children, L.K. and A.H., and under section 232.116(h) as to the youngest child, T.H. These two paragraphs permit termination upon clear and convincing proof that (1) the children meet the age requirements of the applicable subparagraphs; (2) the children have been adjudicated in need of assistance; (3) the children have been removed from the physical custody of the parents for the time specified in the applicable subparagraphs; and (4) the children cannot be returned to the custody of the parent. Iowa Code § 232.116(1)(f), (h).

The mother challenges only the fourth element under both paragraphs, contending the children could be returned to her custody at the time of the termination hearing in December 2024. Specifically, she claims that she "demonstrated through her participation in therapy, with her interactions with the children and her care that the reasons for adjudication no longer existed and the children should have been returned to her care and custody."

L.K. and A.H. were removed from the mother's custody in August 2021, for reports of domestic violence (between the mother and multiple individuals); the mother's methamphetamine and marijuana use; unsanitary and unsafe living conditions; and the mother's mental health concerns. At that time, the children had been informally residing with the maternal grandmother, but they had unsupervised contact with the mother. The children were adjudicated in need of assistance. The mother engaged in services, and in February 2023, the children were returned to her custody. T.H. was born in April. The three children were removed from the mother's custody approximately six months later, due to similar concerns as those initially present. The mother blamed the department for the way

her case had progressed. At the termination hearing, however, the mother acknowledged the children were removed from her custody in fall 2023 due to "[t]attooing the children, being exposed and staying around unapproved in—like unapproved people and homes, mental health."

True, the mother had participated in therapy for more than three years since the inception of this case in 2021 (although in 2024, the mother was discharged from her prior therapist due to no-shows at scheduled appointments). At the termination hearing, however, the mother's current therapist opined the mother had not "show[n] stability in the long-term in regards to her mental health." The therapist testified the mother's longest period of "sustained stability" has been "about two to three months." She further testified that the mother had not taken responsibility or accountability for her lack of supervision of the children or allowing them to be around unsafe people.

Relating to the mother's interactions with the children, the mother testified she had only seen the children in person three times since September 2024 because her visits had been suspended due to her escalating behaviors. The mother also reported that T.H.'s father has a history of child abuse and is "unsafe." She agreed there was a no-contact order in place between T.H.'s father and T.H., stemming from his physical abuse of T.H. Yet the mother had recently allowed the father around T.H. during a visit with the children.

On the relevant inquiry to this issue, the court found:

> At the present time, the children in interest cannot be returned to Mother's custody as provided in Iowa Code section 232.102 because they would be subjected to further adjudicatory harm as Mother continues to have unresolved mental health issues, lack[s] the ability to meet the children's emotional and mental health needs, continues

to associate with unsafe persons, and lacks the ability to provide appropriate supervision, which were all issues which led to removal.

We concur and conclude the elements of section 232.116(f) and (h) were satisfied.

## III.    Best Interests

Termination also must serve the children's best interests. To determine best interests, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *Id.* § 232.116(2).

The mother argues termination is not in the children's best interests due to the bond she shares with them.[5] The record confirms the children share a bond with the mother. That said, that bond must be viewed through the lens of the mother's overall presence in their young lives. L.K. and A.H. were removed from the mother's care in 2021, and they were living primarily with their grandmother before that time. Although they returned to the mother's custody for a portion of 2023, they have spent much of the last four years out of her custody. And T.H. has been out of the mother's custody nearly all his life.

"It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping

---

[5] "We address only those steps raised by a parent." *In re A.B.*, No. 24-1979, 2025 WL 1324338, at *2 (Iowa Ct. App. May 7, 2025). The mother does not separately claim her bond with the children should preclude termination pursuant to the permissive exception under section 232.116(3), so we analyze her claim only as a best-interests challenge. *See In re L.A.*, __ N.W.3d ___, ___, 2025 WL 855764, at *3 n.2 (Iowa Ct. App. 2025) ("We interpret the father's bond-based argument as a best-interests argument rather than a permissive-exception argument because his issue heading referenced only best interests and that is the thrust of his argument.").

someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). Here, despite years of services, many of the issues that prompted the department's involvement with the family remained unresolved at the time of the termination hearing. Termination is in the children's best interests.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**